IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **THERESA THERIAULT and** | | |
| **STEVEN THERIAULT** | * | **CIVIL ACTION NO. 2:23-cv-2223** |
| | * | |
| | * | **JUDGE** |
| **VS.** | * | |
| | * | **MAGISTRATE JUDGE** |
| **ALLSTATE INSURANCE** | * | |
| **COMPANY** | * | **JURY DEMAND** |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**COMPLAINT**
(Jury Trial Requested)

**COME NOW** Complainants, Theresa Theriault and Steven Theriault, by and through their attorney of record, and enter this Complaint against Defendant, Allstate Insurance Company, and show this Honorable Court that:

**I. PARTIES**

**1.**

Complainant **THERESA THERIAULT** is an adult resident of the Parish of Jefferson, in the State of Louisiana.

**2.**

Complainant **STEVEN THERIAULT** is an adult resident of the Parish of Jefferson, in the State of Louisiana.

**3.**

Made Defendant herein **ALLSTATE INSURANCE COMPANY** (hereinafter "Defendant" or "Allstate"), an insurer with a State of Incorporation of Illinois with a principal place of business in Illinois, who is authorized to do and is doing business in the State of Louisiana

and the Parish of Jefferson, which may be served through its Registered Agent for Service of Process, the Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, Louisiana 70809.

## II. JURISDICTION AND VENUE

**4.**

Jurisdiction is proper in this Honorable Court pursuant to 28 U.S.C. § 1332 and 1441 because complete diversity of citizenship exists between the parties and because the amount in controversy is greater than the minimum jurisdictional amount.

**5.**

Venue is proper in this Honorable Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District; Complainants reside in this District; and the property that is subject to the dispute between Complainants and Allstate is located in this District.

## III. RELEVANT FACTS

**6.**

At all relevant times, Complainants owned the property at 1010 Ridgelake Dr, Metairie Louisiana, 70001 (the "Property").

**7.**

At all relevant times, Defendant provided a policy of insurance, policy number 031 189 654 (the "Policy"), to Complainants, which covered the Property against perils including hurricanes and provided coverages of $227,523 to the Dwelling, $22,753 to Other Structures, and $159,267 to Personal Property, *inter alia*.

**8.**

On or about August 29, 2021, Hurricane Ida made landfall, causing damage across

Louisiana and extending to Complainants' Property in Jefferson Parish, State of Louisiana.

9.

Complainants promptly reported the loss to Defendant, who assigned it claim number 0639694628 (the "Ida Claim").

10.

On or about November 7, 2021, Defendant inspected the Property and documented $16,760.60 in damages to the Dwelling, and $523 in damage to Other Structures, but after over-depreciating the loss and applying the Policy's deductible, Defendant allowed Complainants just $5,384.60 for damage to the Dwelling, and $523.75 in damage to Other Structures for their substantial losses.

11.

Defendant's inspection of the Property constituted satisfactory proof of loss, as that term is used in conjunction with Louisiana's bad faith statutes, La. R.S. §§ 22:1892 and 22:1973.

12.

On or about November 9, 2021, Allstate tendered payment in the amount of $5,384.60, and $500 for Complainants' losses.

13.

On or about June 1, 2022, an adjuster from ATA Loss Consultants inspected the property on behalf of Complainants and documented $129,506.34 worth of damages to the Dwelling.

14.

On or about June 27, 2022, Complainants sent Defendant a demand for additional payments in the amount of $129,506.34, to properly repair the property based on the June 1, 2022, inspection by ATA.

**15.**

This demand and submission of the report by ATA constituted satisfactory proof of loss, as that term is used in conjunction with Louisiana's bad faith statutes, La. R.S. §§ 22:1892 and 22:1973.

**16.**

On or about July 7, 2022, Allstate responded to Complainants' June 27, 2022, Proof of Loss and denied additional payments, while also invoking the appraisal provision within the Policy, naming CIS Claim Services as its appraiser.

**17.**

On or about July 26, 2022, Complainants appointed Scott Berberich from ATA Loss Consultants as its appraiser.

**18.**

Soon thereafter, both appraisers inspected the property together, and created each their own estimate reports, but could not agree on an accurate appraisal value of the damage to the property.

**19.**

On or about November 1, 2022, an adjuster from Teddy Bears Restoration inspected the property as the Umpire of this claim, and documented $96,443.36 in damage to the Dwelling, $4,698.48 in Building Code damages, and $500 in damages to Personal Property.

**20.**

On or about January 25, 2023, Allstate finally signed the agreement award based on the estimate from Umpire Teddy Bear Restoration on November 1, 2022.

**21.**

On or about February 8, 2023, Allstate finally tendered payment in the amount of $73,203.71 to properly compensate Complainants for their covered losses originally inspected by Allstate on November 7, 2021.

**22.**

As a result of Defendant's failure to timely and adequately compensate Complainants for their covered loss, Complainants were forced to incur the expense of retaining counsel and other expenses to prosecute the claim.

**23.**

Upon information and belief, Defendant's failure to timely and adequately compensate Complainants for their loss, after receiving satisfactory proof of loss, was purposeful or at least negligent.

**24.**

Upon information and belief, Defendant purposely and/ or negligently misrepresented to Complainants the terms and conditions of the Policy.

**25.**

Upon information and belief, Defendant conducted the investigation and claims handling for Complainants' claims in bad faith, as that term is used in conjunction with Louisiana's bad faith statutes, La. R.S. §§ 22:1892 and 22:1973.

**26.**

Upon information and belief, Defendant manipulated its pricing software to artificially suppress the cost of repairs below market value.

**27.**

Upon information and belief, Defendant purposely or at least negligently failed to include adequate overhead and profit in its estimate of damages.

**28.**

Complainants have incurred or will incur additional expenses in repairing the Property as a result of Defendant's failure to timely compensate them for its substantial and covered losses.

**29.**

Complainants have incurred or will incur additional expenses as a result of Defendant's bad faith claims handling, including but not limited to elevated insurance policy renewal fees.

**30.**

Complainants have incurred or will incur professional expenses, including attorney's fees, to determine that Defendant wrongfully failed to adequately/ timely pay on its claims under the Policy.

## I.   CAUSES OF ACTION

### A.  Breach of the Insurance Contract

**31.**

Complainants realleges and re-avers the allegations contained in the paragraphs above, as if restated herein.

**28.**

Despite having adequate proof of loss, Defendant failed to timely tender adequate funds under the Policy.

**29.**

An insurance contract, the Policy, exists between Complainants and Defendant.

**30.**

By purposely and/ or negligently failing to timely tender undisputed insurance proceeds, Defendant breached the insurance contract.

### 31.

By purposely and/ or negligently misrepresenting to Complainants the terms and conditions of the relevant Policy, Defendant breached the insurance contract.

### 32.

By conducting the investigation and claims handling in bad faith, Defendant breached the insurance contract.

### 33.

By failing to adequately compensate Complainants for damages to the Property, as required by the Policy, Defendant breached the insurance contract.

### 34.

Complainants have suffered and continue to suffer damages as a result of these breaches of the insurance contract.

## B. Bad Faith

### 35.

Complainants realleges and re-avers the allegations contained in paragraphs above, as if restated herein.

### 36.

The actions and/ or inactions of Defendant's in failing to adequately compensate Complainants for the covered losses under the Policy were arbitrary, capricious, and without probable cause—as those terms are used in conjunction with La. R.S. §§ 22:1892 and 22:1973, making Defendant. liable for statutory bad faith penalties.

**37.**

Under La. R.S. § 22:1973, an insurer owes a good faith duty and fair dealing to an insured and has an affirmative duty to adjust claims fairly and promptly; failing to pay a claim in a manner arbitrary, capricious, or without probable cause is in violation of La. R.S. § 22:1973.

**38.**

"[F]ailing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause" is considered "bad faith" and is in violation of La. R.S. § 22:1973.

**39.**

La. R.S. § 22:1892 imposes bad faith penalties on insurers who fail to adequately pay claims following satisfactory proof of loss within thirty (30) days.

**40.**

Defendant is in violation of La. R.S. §§ 22:1973 and 22:1892 for failing to provide Complainants adequate payment in connection with its damages, despite having received satisfactory proof of loss following its own inspection of the Property and following receipt of independent proof of loss from Complainants.

**41.**

Defendant's misrepresentation of the terms of the Policy was in bad faith.

**42.**

Defendant's failure to pay timely for damages it knew, or should have known, existed at the time of the initial adjustment of the relevant claim was in bad faith.

**43.**

Defendant's handling of Complainants' claim was in bad faith.

## II.    DAMAGES

**44.**

Complainants realleges and re-avers the allegations contained in the paragraphs above, as if restated herein.

**45.**

As a result of Defendant's breaches of contract, bad faith claims adjusting, and other bad acts, Complainants have incurred the following, non-exclusive, damages:

a. Diminution of the value of the Property;

b. Actual repair costs;

c. Reimbursement for personal repairs/ mitigation at the Property;

d. Actual costs related to personal property manipulation, cleaning, repair, and/ or replacement;

e. Mental anguish;

f. Penalties delineated in La. R.S. §§ 22:1892 and 22:1973; and

g. Attorney's fees, other professional fees, and litigation costs associated with the bringing of this action.

**46.**

Complainants request a trial by jury.

**47.**

**WHEREFORE,** Complainants, Theresa and Steven Theriault, pray that Defendant, Allstate Insurance Company, be served with a copy of this Petition and be duly cited to appear

and answer the allegations contained therein, and that after expiration of all legal delays and proper legal proceedings, there be a judgment entered in favor of Complainants, Theresa and Steven Theriault, and against Defendant, Allstate Insurance Company, in an amount that will fully and fairly compensate Complainants pursuant to the evidence and in accordance with the law, all sums with legal interest thereon, from the date of judicial demand until fully paid, for all costs of these proceedings, and for all general and equitable relief.

                                                **RESPECTFULLY SUBMITTED**

_____
Alaina Brandhurst, La. Bar No. 35057
Galen M. Hair, La. Bar. No. 32865
**HAIR SHUNNARAH TRIAL ATTORNEYS, LLC.**
**d/b/a INSURANCE CLAIM HQ**
**d/b/a INSURANCE CLAIM LAWYERS, INC.**
3540 S. I-10 Serv. Rd., W., Ste. 300
Metairie, Louisiana 70001
Telephone: 504.684.5200
Facsimile: 504.613.6351
abrandhurst@hstalaw.com
hair@hstalaw.com

**PLEASE SERVE:**
**Allstate Insurance Company**
*Through its Registered Agent for Service of Process:*
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, Louisiana 70809